### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-CR-00164-JED |
| ) | |
| vs. ) | |
| ) | |
| SUZANN BROWN, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the Court is the defendant's "Second Unopposed Application to Reset Pretrial and Jury Trial" ("Motion") (Doc. 38). The defendant requests an "ends of justice" continuance under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, with a trial setting to commence on the March 2016 trial docket.

The defendant represents that additional time is needed for defense counsel to recover from an intensive surgical procedure, which is scheduled to take place on February 4, 2016. (Doc. 38, ¶ 4). The surgery was previously scheduled to occur on January 28, 2016, but was rescheduled due to the death of the surgeon's father. Defense counsel asserts that post-surgery recovery may take up to thirty days. (*Id.*). Plaintiff, United States of America, has made no objection to the defendant's Motion. (Doc. 38, ¶ 1).

Defendant's request for a continuance falls under § 3161(h)(7) of the Speedy Trial Act. Section 3161(h)(7) permits a district court to exclude any period of delay resulting from a continuance upon the judge's "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting an ends of justice continuance, a court must orally or in writing set forth "its reasons for finding that the ends of justice served by the granting of such continuance

outweigh the best interests of the public and the defendant in a speedy trial." *Id.* In its consideration of a motion for continuance, a court is required to consider a number of factors, including "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Another factor a court must consider is whether the failure to grant a continuance would likely make continuation of the proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

The Tenth Circuit has made clear that an ends of justice continuance should not be granted "cavalierly." *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). Under *Toombs*, the parties must provide the district court a sufficient record to determine why the facts weigh in favor of providing additional time. *See Toombs*, 574 F.3d at 1271. A district court must also give significant weight to the public's interest in a speedy trial, which is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court has reviewed the defendant's Motion and concludes that the parties have provided an adequate record for the Court to rule on this matter without a hearing. The Court agrees with the defendant and finds that while this case is not unusual or complex,[1] failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that failure to grant a continuance would likely make continuation of the proceeding result in a miscarriage of justice, based on the fact that defense

---

[1] At this time, there do not appear to be any "novel questions of fact or law" which would render this action unusual or complex under 18 U.S.C. § 3161(h)(7)(B)(ii).

counsel would be unable to effectively represent the defendant. While the public has a strong interest in the speedy trial of all criminal cases, this interest must be balanced against the defendant's interest in her counsel having sufficient time to prepare for trial. Justice for both the public and the defendant is best attained by adequately prepared counsel, and by ensuring that the defendant is not denied her right to effective assistance of counsel. Thus, the Court finds that the ends of justice will be served by the granting of the continuance and that those ends of justice outweigh the interests of the public and the defendant in a speedy trial. Based upon the facts presented in defendant's Motion, the Court has determined that a 45-day continuance of the jury trial from the date of this Order is appropriate.

IT IS THEREFORE ORDERED that the defendant's Motion (Doc. 38) is **granted**.[2] The pretrial currently set for February 8, 2016 and the jury trial currently set for February 16, 2016 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **April 4, 2016 at 3:00 p.m.** |
| Voir dire, jury instructions, and trial briefs due: | April 11, 2016 |
| **Jury Trial:** | **April 18, 2016 at 9:30 a.m.** |

IT IS FURTHER ORDERED that the time between February 16, 2016 and April 18, 2016 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

IT IS SO ORDERED this 4th day of February, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that there are three codefendants in the present case and that no motion for severance has been granted. The Speedy Trial Act states that "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" is excludable. 18 U.S.C. § 3161(h)(6). Thus, the period of excludable time granted by the Court's Order as to the defendant will apply equally to the two other codefendants. *See United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (stating that under the Act, "[a]n exclusion for delay 'attributable to one defendant is applicable to all co-defendants'" (quoting *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 915 (10th Cir. 1989), *abrogated on other grounds by Bloate v. United States*, 599 U.S. 196 (2010))).