IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUZANN BROWN )<br>)<br>Defendant. ) | Case No. 15-CR-00164-JED |

### OPINION AND ORDER

Before the Court is the defendant's Third Unopposed Application to Reset Pretrial and Jury Trial" ("Motion") (Doc. 50). The defendant requests an "ends of justice" continuance under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* with a trial setting to commence on the April 2016 trial docket.

The defendant represents that additional time is needed to permit Ms. Brown to complete a Dual Diagnosis treatment program at 12 & 12. She was admitted April 1, 2016 and will be inpatient for at least 28 days. Counsel asserts that it his belief that the defendant is in need of this program and successful completion will enable Ms. Brown to enter into a knowing, willful and deliberate disposition of this case. (Doc. 50 ¶ 4). *(Id.).* Plaintiff, United States of America, has made no objection to the defendant's Motion. (Doc. 50 ¶ 1).

Defendant's request for a continuance falls under § 3161(h)(7) of the Speedy Trial Act. Section 3161(h)(7) permits a district court to exclude any period of delay resulting from a continuance upon the judge's "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting an ends of justice continuance, a court must orally or in writing set forth "its reasons for finding that the ends of justice served by the granting of

such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* In its consideration of a motion for continuance, a court is required to consider a number of factors, including "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Another factor a court must consider is whether the failure to grant a continuance would likely make continuation of the proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161 (h)(7)(13)(1).

The Tenth Circuit has made clear that an ends of justice continuance should not be granted "cavalierly." *United States v. Williams,* 511 F.3d 1044, 1049 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009). Under *Toombs,* the parties must provide the district court a sufficient record to determine why the facts weigh in favor of providing additional time. *See Toombs,* 574 F.3d at 1271. A district court must also give significant weight to the public's interest in a speedy trial, which is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court has reviewed the defendant's Motion and concludes that the parties have provided an adequate record for the Court to rule on this matter without a hearing. The Court agrees with the defendant and finds that while this case is not unusual or complex,[1] failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(13)(iv). The Court further finds that failure to grant a continuance would likely make continuation of the proceeding result in a miscarriage of justice, based on the

---

[1] At this time, there do not appear to be any "novel questions of fact or law" which would render this action unusual or complex under 18 U.S.C. § 3 161(h)(7)(B)(ii).

2

fact that defense counsel would be unable to effectively represent the defendant. While the public has a strong interest in the speedy trial of all criminal cases, this interest must be balanced against the defendant's interest in her counsel having sufficient time to prepare for trial. Justice for both the public and the defendant is best attained by adequately prepared counsel, and by ensuring that the defendant is not denied her right to effective assistance of counsel. Thus, the Court finds that the ends of justice will be served by the granting of the continuance and that those ends of justice outweigh the interests of the public and the defendant in a speedy trial. Based upon the facts presented in defendant's Motion, the Court has determined that a 30 day continuance of the jury trial from the date of this Order is appropriate.

IT IS THEREFORE ORDERED that the defendant's Motion (Doc. 50) is **granted**. The pretrial currently set for April 12, 2016 and the jury trial currently set for April 18, 2016 are **stricken.** The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **May 2, 2016 at 2:30 p.m.** |
| Voir dire, jury instructions, and trial briefs due: | May 9, 2016 |
| **Jury Trial:** | **May 16, 2016 at 9:30 a.m.** |

IT IS FURTHER ORDERED that the time between April 18, 2016 and May 16, 2016 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

IT IS SO ORDERED this 11th day of April, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE